# Supreme Court of Florida

———————

No. SC20-1746

———————

IN RE: AMENDMENTS TO THE FLORIDA PROBATE RULES—2020
FAST-TRACK REPORT.

December 31, 2020
**<u>CORRECTED OPINION</u>**

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Probate Rules. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

## BACKGROUND

The Florida Probate Rules Committee (Committee) has filed a "fast-track" report proposing amendments to the Florida Probate Rules. *See* Fla. R. Jud. Admin. 2.140(e). The Committee proposes the addition of new rule 5.425 (Disposition Without Administration of Intestate Personal Property in Small Estates), and amendments to existing rules 5.040 (Notice), 5.065 (Notice of Civil Action or Ancillary Administration), 5.240 (Notice of Administration), 5.550 (Petition to Determine Incapacity), 5.555 (Guardianships of Minors), 5.560 (Petition for Appointment of Guardian of an Incapacitated Person), 5.630 (Petition

for Approval of Acts), and 5.850 (Expedited Judicial Intervention Concerning Medical Treatment Procedures).

The proposals are in response to legislation enacted after the Legislature's 2020 session. *See* chs. 2020-35, 2020-67, 2020-110, Laws of Fla. The Board of Governors of The Florida Bar approved each proposal on a vote of 42-2. The Committee did not publish the proposals for comment before filing them with the Court.

Having considered the Committee's report and the relevant legislation, we hereby adopt the amendments to the Florida Probate Rules as proposed by the Committee. We discuss some of the more significant rule amendments below.

**AMENDMENTS**

New subdivision (b)(6) (Contents) is added to rule 5.240 (Notice of Administration). The new subdivision requires that a notice of administration state that, under certain circumstances and by failing to contest the will, the recipient of the notice may be waiving his or her right to contest the validity of a trust or other documents incorporated by reference into a will.

Next, to implement newly enacted section 735.304, Florida Statutes (2020), *see* ch. 2020-110, § 3, Laws of Fla., new rule 5.425 is added to the Florida Probate Rules. Subdivision (a) (Administration Not Required) of the new rule sets out the circumstances under which personal property of an estate may be distributed

without administration or formal probate proceedings. The requirements for an affidavit by an heir at law of the decedent requesting distribution of assets are set out in subdivision (b) (Affidavit) of the new rule. Subdivision (c) (Service) requires that the affidavit be served in the same manner as formal notice and to the persons identified in the new rule. A court, under subdivision (d) (Writing Under Seal of Court) of the new rule, must authorize a distribution if the requirements of section 735.304(1) and (2) are met.

Rule 5.630 is amended to include new subdivision (a)(2) (Contents), which establishes a process for a guardian to obtain authorization or confirmation of an act required under section 744.441(2), Florida Statutes (2020). New subdivision (d) (Hearings) is also added to the rule. A court is required under the new subdivision to conduct a preliminary hearing on a petition filed pursuant to section 744.441(2), Florida Statutes, within seventy-two hours, and to either rule on the petition after the preliminary hearing or immediately after conducting an evidentiary hearing.

Lastly, rule 5.850 (Expedited Judicial Intervention Concerning Medical Treatment Procedures) is renumbered as rule 5.900.

## CONCLUSION

Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are

indicated by struck-through type.  The amendments shall take effect immediately upon the release of this opinion.  Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[1]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

---

1.  All comments must be filed with the Court on or before March 16, 2021, with a certificate of service verifying that a copy has been served on the Committee Chair, Robert Lee McElroy IV, Downey McElroy, P.A., 3501 PGA Boulevard, Suite 201, Palm Beach Gardens, Florida 33410-2709, lmcelroy@downeypa.com, and on the Bar Staff Liaison to the Committee, Krys Godwin, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, kgodwin@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  The Committee Chair has until April 6, 2021, to file a response to any comments filed with the Court.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal.  Comments filed via the Portal must be submitted in Microsoft Word 97 or higher.  *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017).  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Original Proceeding – The Florida Probate Rules Committee

Robert L. McElroy IV, Chair, Palm Beach Gardens, Florida, Jeffrey Scott Goethe, Past Chair, Florida Probate Rules Committee, Bradenton, Florida, Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

**RULE 5.040.**      **NOTICE**

**(a)-(e)**      [NO CHANGE]

**Committee Notes**

Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining <u>in rem</u> jurisdiction over the person<u>'s</u> <u>interest in the estate property</u>~~receiving the notice~~. <u>The court does not acquire</u> <u>personal jurisdiction over a person by service of formal notice.</u> "The manner provided for service of formal notice" is as provided in rule 5.040(a)(3).

Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.

Reference in this rule to the terms "mail" or "mailing" refers to use of the United States Postal Service.

**Rule History**

1975-2019    [NO CHANGE]

<u>2020 Revision: Committee notes amended.</u>

**Statutory References**

[NO CHANGE]

**Rule References**

[NO CHANGE]

**RULE 5.065.**      **NOTICE OF CIVIL ACTION OR ANCILLARY ADMINISTRATION**

**(a)-(c)**      [NO CHANGE]

[NO CHANGE]

**Rule History**

1984-2000   [NO CHANGE]

2020 Revision: Statutory references amended.

**Statutory References**

§ 733.612(20), Fla. Stat. Transactions authorized for the personal representative; exceptions.

§ 744.441(1~~1~~)(k), Fla. Stat. Powers of guardian upon court approval.


**RULE 5.240.      NOTICE OF ADMINISTRATION**

**(a)**    [NO CHANGE]

**(b)**    **Contents.** The notice shall state:

(1)-(3)      [NO CHANGE]

(4)    the persons who may be entitled to exempt property under section 732.402, Florida Statutes, will be deemed to have waived their rights to claim that property as exempt property unless a petition for determination of exempt property is filed by such persons or on their behalf on or before the later of the date that is 4 months after the date of service of a copy of the notice of administration on such persons or the date that is 40 days after the date of termination of any proceedings involving the construction, admission to probate, or validity of the will or involving any other matter affecting any part of the exempt property; ~~and~~

(5)    that an election to take an elective share must be filed on or before the earlier of the date that is 6 months after the date of service of a copy of the notice of administration on the surviving spouse, an agent under chapter 709,

Florida Statutes, or a guardian of the property of the surviving spouse; or the date that is 2 years after the date of the decedent's death.; and

(6)     that, under certain circumstances and by failing to contest the will, the recipient of the notice of administration may be waiving his or her right to contest the validity of a trust or other writing incorporated by reference into a will.

**(c)-(e)**     [NO CHANGE]

**Committee Notes**

**Rule History**

1977-2019   [NO CHANGE]

2020 Revision: Subdivision (b)(6) was created to conform to an amendment to section 733.212, Florida Statutes, that requires the Notice of Administration include a notice of a potential waiver of rights by failing to contest the will.

**Statutory References**

[NO CHANGE]

**Rule References**

[NO CHANGE]

**RULE 5.425.     DISPOSITION WITHOUT ADMINISTRATION OF INTESTATE PERSONAL PROPERTY IN SMALL ESTATES**

**(a)     Administration Not Required.** No administration shall be required or formal proceedings instituted upon the estate of a decedent who:

(1)     died intestate;

(2)     leaves only:

(A)     personal property exempt under the provisions of section 732.402, Florida Statutes,

(B)     personal property exempt from the claims of creditors under the Florida Constitution, and

(C)     non-exempt personal property the value of which does not exceed the sum of $10,000 and the amount of preferred funeral expenses and reasonable and necessary medical and hospital expenses of the last 60 days of the last illness;

(3)     has been deceased for more than 1 year; and

(4)     no administration of the decedent's estate is pending in this state.

(b)     **Affidavit.** Any heir at law of the decedent entitled to a share of the intestate estate pursuant to section 732.102 or section 732.103, Florida Statutes, may by affidavit request distribution of assets of the decedent by affidavit. The affidavit must be signed and verified by the surviving spouse, if any, and any heirs at law, except that joinder in the affidavit is not required of an heir at law who will receive a full intestate share under the proposed distribution of the personal property. The affidavit shall contain:

(1)     a statement that the decedent died intestate, and that after the exercise of reasonable diligence, the person signing the affidavit is unaware of any unrevoked wills or codicils;

(2)     a statement that the decedent has been deceased for more than 1 year;

(3)     a statement that the decedent died leaving only personal property exempt under the provisions of section 732.402, Florida Statutes, personal property exempt from the claims of creditors under the Florida Constitution, and non-exempt personal property the value of which does not exceed the sum of $10,000;

(4)     a description of all assets subject to distribution without administration and their values;

(5)     a statement setting forth the amount of preferred funeral expenses and reasonable and necessary medical and hospital expenses of the last 60 days of the last illness;

(6)     a statement that no administration of the decedent's estate is pending in this state;

(7)     a statement of the relationship of each person signing the affidavit to the decedent, and each person's name and address;

(8)     the name and last known address of the decedent, last 4 digits of the decedent's social security number, date and place of death of the decedent, and state and county of decedent's domicile;

(9)     so far as is known, the names and addresses of the surviving spouse, if any, and the heirs of the decedent, and their relationship to the decedent and the year of birth of any who are minors;

(10)   a statement either:

(A)     that all claims against the decedent's estate are barred; or

(B)     that a diligent search and reasonable inquiry for any known or reasonably ascertainable creditors has been made and one of the following:

(i)     a statement that the estate is not indebted;

(ii)     the name and address of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due.  If provision for payment has been made other than for full payment in the proposed distribution schedule, the following information must be shown:

- 10 -

(a)     the name of the person who will pay the debt,

(b)     the creditor's written consent for substitution or assumption of the debt by another person,

(c)     the amount to be paid if the debt has been compromised, and

(d)     the terms for payment and any limitations on the liability of the person paying the debt; and

(11)   a schedule of proposed distribution of all intestate personal property.

**(c)     Service.** The affidavit must be served in the manner of formal notice upon

(1)     all heirs at law who have not joined in the affidavit;

(2)     all known or reasonably ascertainable creditors of the decedent; and

(3)     if at the time of death the decedent was over the age of 55 years, upon the Agency for Health Care Administration.

**(d)     Writing Under Seal of Court.** If the court determines that section 735.304(1) is applicable and the affidavit filed by the heir at law meets the requirements of section 735.304(2), the court, by letter or other writing under the seal of the court, must authorize the payment, transfer, disposition, delivery, or assignment of the tangible or intangible personal property to those persons entitled.

### Committee Notes
Section 732.402, Florida Statutes, requires persons entitled to exempt property, which excludes property specifically or demonstratively devised, to file timely a petition to determine exempt property. Accordingly, disposition of personal property under this rule should not be granted if decedent's personal

property includes exempt property without all persons entitled thereto agreeing to such disposition.

**Rule History**

2020 Adoption: New rule based upon Chapter 2020-110, Laws of Florida.

**Statutory References**

§ 735.304, Fla. Stat. Disposition without administration of intestate property in small estates.


**RULE 5.550.      PETITION TO DETERMINE INCAPACITY**

**(a)-(f)**      [NO CHANGE]

**Committee Notes**

**Rule History**

1980-2017   [NO CHANGE]

2020 Revision: Amends subdivision (a)(8) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 3, by requiring an explanation if there are less restrictive alternatives to guardianship, but they are not sufficient to meet the needs of the alleged incapacitated person. Committee notes revised.

Statutory references amended.

**Statutory References**

§ 709.2104, Fla. Stat. Durable power of attorney.

§ 709.2109, Fla. Stat. Termination or suspension of power of attorney or agent's authority.

§ 744.1012, Fla. Stat. Legislative intent.

§ 744.104, Fla. Stat. Verification of documents.

§ 744.3045, Fla. Stat. Preneed guardian.

§ 744.3115, Fla. Stat. Advance directives for health care.

§ 744.3201, Fla. Stat. Petition to determine incapacity.

§ 744.331, Fla. Stat. Procedures to determine incapacity.

§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.

§ 744.441(1~~1~~)(k), Fla. Stat. Powers of guardian upon court approval.

§ 744.462, Fla. Stat. Determination regarding alternatives to guardianship.

§ 765.102, Fla. Stat. Legislative intent and findings.

**Rule References**

[NO CHANGE]


**RULE 5.555.      GUARDIANSHIPS OF MINORS**

**(a)-(b)**      [NO CHANGE]

**(c)      Petition for Appointment of Guardian.** The petition shall be verified by the petitioner and shall state:

(1)-(5)      [NO CHANGE]

(6)      the proposed guardian's relationship to and any previous association with the minor, including listing any activities designated in section 744.446(3), Florida Statutes;

(7)      the reasons why the proposed guardian should be appointed; ~~and~~

(8)    the nature and value of the property subject to the guardianship~.; and

(9)    whether there are possible alternatives to guardianship known to the petitioner, including but not limited to, trust agreements, powers of attorney, surrogates, guardian advocate under section 744.3085, Florida Statutes, or advance directives and why those possible alternatives are insufficient to meet the needs of the minor.

**(d)-(f)**    [NO CHANGE]


**Committee Notes**

[NO CHANGE]

**Rule History**

1991-2014   [NO CHANGE]

2020 Revision: Subdivision (c)(6) amended to include reference to section 744.446, Florida Statutes, and subdivision (c)(9) amended to conform to section 744.334, Florida Statutes, and the list of alternatives to guardianships.

**Statutory References**

§ 69.031, Fla. Stat. Designated financial institutions for assets in hands of guardians, curators, administrators, trustees, receivers, or other officers.

§ 744.3021, Fla. Stat. Guardians of minors.

§ 744.3085, Fla. Stat. Guardian advocates.

§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.

§ 744.3371(2), Fla. Stat. Notice of petition for appointment of guardian and hearing.

§ 744.342, Fla. Stat. Minors; guardianship.

§ 744.362, Fla. Stat. Initial guardianship report.

§ 744.363, Fla. Stat. Initial guardianship plan.

§ 744.365, Fla. Stat. Verified inventory.

§ 744.367, Fla. Stat. Duty to file annual guardianship report.

§ 744.3675, Fla. Stat. Annual guardianship plan.

§ 744.3678, Fla. Stat. Annual accounting.

§ 744.3679, Fla. Stat. Simplified accounting procedures in certain cases.

§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval; breach of fiduciary duty.

**Rule References**

[NO CHANGE]

## RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON

**(a)** **Contents.** The petition shall be verified by the petitioner and shall state:

(1)-(6)    [NO CHANGE]

(7)    the proposed guardian's relationship to and any previous association with the alleged incapacitated person, including listing any activities designated in section 744.446(3), Florida Statutes;

(8)    the reasons why the proposed guardian should be appointed;

(9)    whether the petitioner has knowledge, information, or belief that there are possible alternatives to guardianship known to the petitioner,

- 15 -

including, but not limited to, trust agreements, powers of attorney, designations of health care surrogates, <u>guardian advocate under section 744.3085, Florida Statutes,</u> or other advance directives, and if there are possible alternatives to guardianship, an explanation as to why the alternatives are insufficient to meet the needs of the alleged incapacitated person;

(10)   whether the petitioner has knowledge, information, or belief that the alleged incapacitated person has a preneed guardian designation; and

(11)   if the proposed guardian is a professional guardian, a statement that the proposed guardian has complied with the registration requirements of section 744.2002, Florida Statutes.

**(b)-(c)**      [NO CHANGE]

### Committee Notes

**Rule History**

1975-2016   [NO CHANGE]

2020 Revision: Amends subdivision (a)(9) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 3, by requiring an explanation if there are less restrictive alternatives to guardianship, but they are not sufficient to meet the needs of the alleged incapacitated person. Adds a new subdivision (a)(10) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 4, by requiring a statement of the petitioner's knowledge of any preneed guardian designation. Committee notes revised.

<u>Subdivision (a)(7) amended to include reference to section 744.446, Florida Statutes, and subdivision (a)(9) amended to conform to section 744.334, Florida Statutes, and the list of alternatives to guardianships.</u>

**Statutory References**

§ 709.2104, Fla. Stat. Durable power of attorney.

§ 709.2109, Fla. Stat. Termination or suspension of power of attorney or agent's authority.

§ 744.2002, Fla. Stat. Professional guardian registration.

§ 744.2005, Fla. Stat. Order of appointment.

§ 744.2006, Fla. Stat. Office of public guardian; appointment, notification.

§ 744.3045, Fla. Stat. Preneed guardian.

§ 744.3085, Fla. Stat. Guardian advocates.

§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.

§ 744.3115, Fla. Stat. Advance directives for health care.

§ 744.312, Fla. Stat. Considerations in appointment of guardian.

§ 744.3201, Fla. Stat. Petition to determine incapacity.

§ 744.331, Fla. Stat. Procedures to determine incapacity.

§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.

§ 744.3371(1), Fla. Stat. Notice of petition for appointment of guardian and hearing.

§ 744.341, Fla. Stat. Voluntary guardianship.

§ 744.2005, Fla. Stat. Order of appointment.

§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval; breach of fiduciary duty.

§ 744.462, Fla. Stat. Determination regarding alternatives to guardianship.

§ 744.2006, Fla. Stat. Office of public guardian; appointment, notification.

§ 765.102, Fla. Stat. Legislative intent and findings.

**Rule References**

[NO CHANGE]

**RULE 5.630.      PETITION FOR APPROVAL OF ACTS**

**(a)      Contents.**

(1)     When authorization or confirmation of any act of the guardian is required under section 744.441(1), Florida Statutes, application shall be made by verified petition stating the facts showing:

(1A)   the expediency or necessity for the action;

(2B)   a description of any property involved;

(3C)   the price and terms of any sale, mortgage, or other contract;

(4D)   whether the ward has been adjudicated incapacitated to act with respect to the rights to be exercised;

(5E)   whether the action requested conforms to the guardianship plan; and

(6F)   the basis for the relief sought.

(2)     When authorization or confirmation of any act of the guardian is required under section 744.441(2), Florida Statutes, application shall be made by verified petition attaching any affidavits and supporting documentation, including any living will, and stating the facts showing:

(A)     the name and location of the ward;

(B)     the names, relationship to the ward, and addresses if known to the guardian, of:

(i)      the ward's spouse and adult children,

(ii)    the ward's parents,

(iii)    the ward's next of kin,

(iv)    any guardian and any court-appointed health care decision-maker,

(v)    any person designated by the ward in a living will or other document to exercise the ward's health care decision in the event of the ward's incapacity,

(vi)    the administrator of the hospital, nursing home, or other facility where the ward is located,

(vii)    the ward's principal treating physician and other physicians known to have provided any medical opinion or advice about any condition of the ward relevant to this petition, and

(viii)  all other persons the guardian believes may have information concerning the expressed wishes of the ward; and

(C)    facts sufficient to establish the need for the relief requested.

**(b)-(c)**    [NO CHANGE]

**(d)    Hearings.** A preliminary hearing on any petition filed under section 744.441(2), Florida Statutes, shall be held within 72 hours after the filing of the petition. At that time, the court shall review the petition and supporting documentation. In its discretion, the court shall either:

(1)    rule on the relief requested immediately after the preliminary hearing; or

(2)    conduct an evidentiary hearing not later than 4 days after the preliminary hearing and rule on the relief requested immediately after the evidentiary hearing.

**Committee Notes**

**Rule History**

1975-2012   [NO CHANGE]

2020 Revision: Subdivision (a)(2) is created to address section 744.441(2), Florida Statutes, and the contents of a petition for court approval for a guardian to sign an order not to resuscitate. Subdivision (d) is created to include the procedure for a hearing pursuant to section 744.441(2), Florida Statutes.

**Statutory References**

[NO CHANGE]

**Rule References**

[NO CHANGE]

## RULE 5.~~850~~900.   EXPEDITED JUDICIAL INTERVENTION CONCERNING MEDICAL TREATMENT PROCEDURES

**(a)-(d)**      [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**Rule History**

1991-2019   [NO CHANGE]

2020 Revision, September 3, 2020: Rule was renumbered from 5.900 to 5.850 to allow forms to follow the rules set. Committee notes revised.

2020 Revision, December 31, 2020: Rule was renumbered from 5.850 to 5.900 to conform with statutory references. Committee notes revised.

**Constitutional Reference**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

[NO CHANGE]